## NORTH DAKOTA LUMBER COMPANY v. JOHN K. JAMES et al.

### (151 N. W. 430.)

**Default judgment — vacating by consent of parties — order for — not appealable.**

No appeal will lie from an order entered by consent; and where it appears that an order vacating a default judgment and granting the defendant leave to answer was entered pursuant to the agreement and with the consent of the plaintiff, such order is not appealable, and plaintiff's appeal therefrom will be dismissed.

Opinion filed March 16, 1915.

From an order of the District Court of Benson County, *Burr,* Special Judge, plaintiff appeals.

Dismissed.

*R. A. Stuart,* of Minnewaukan, North Dakota, for plaintiff and appellant.

*Cowan & Adamson,* of Devils Lake, North Dakota, for defendants and respondents.

PER CURIAM. This is an appeal from an order setting aside a default judgment. Respondents have moved to dismiss the appeal on the ground that plaintiff consented to its rendition, and therefore cannot be permitted to appeal therefrom. The order appealed from recites, among other things, that at the time of the hearing plaintiff's counsel agreed in open court that the judgment be set aside, and that defendants' application for a vacation of the judgment and leave to answer be granted. The record discloses that the application to vacate the default judgment was made in proper form and accompanied by affidavits and an answer. And the showing made was doubtless sufficient to have justified the trial court in vacating the default. Apparently this must also have been the idea of plaintiff's counsel as the district judge, in his order vacating the default, states that the plaintiff's counsel expressly consented to the entry of an order granting defendants' application. No application was made in trial court to strike the recitals in question from the order; on the contrary the question of whether or not such agreement was actually made was afterwards fully submitted to the trial court with the result as above indicated. Plaintiff, therefore, has appealed from an order which expressly recites that it was entered pursuant to plaintiff's consent. The law is too well settled to require the citation of any authority that a party cannot complain of an order entered through his procurement or with his consent. The defendants' motion for a dismissal of this appeal is therefore granted.